THE STATE, DANIEL L. LAMB, PROSECUTOR, v. JOSEPH L. HURFF.

Where a meeting of the inhabitants of a school district is held, and money voted to be raised by taxation at a special meeting, the previous action of the trustees in calling the meeting, pursuant to Sub. XI of Sec. 39 of the school act, should appear in the certificate of the clerk to the assessor

On *certiorari*.

Argued at November Term, 1875, before Justices DIXON and REED.

For the prosecutor, *C. T. Reed.*

For the defendant, *P. L. Voorhees.*

The opinion of the court was delivered by

REED, J.   Charles H. Swope, assessor of the township of Washington, in the county of Gloucester, assessed upon the prosecutor a certain sum in the year 1874, as his proportion of a school tax, in school district No. 67 in said county.

The assessment was made by color of a certificate of the clerk of the district.

It was intended to be in conformity with section eighty of the school act.

The certificate states, " that at a meeting of the taxable inhabitants of said district, held at the school-house, a convenient public place in said district, on the 1st day of December, A. D. 1873, pursuant to notice given by the subscriber, district clerk of said district, setting forth the time and place of said meeting, and that at said meeting the taxable inhabitants of such district would be required to determine, by vote of a majority of those present, whether any money should be raised by taxation in said district, for the purpose of pay-

ing for the house erected by E. Stokes & Co. for school purposes in said district, and furnish the same, and set up at three public places in said district, ten days before the day of meeting; it was ordered by a majority of the taxable inhabitants so assembled, to raise by taxation the sum of $1200 in the year 1874, and $1200 in the year 1875 in said district, for the purpose of paying the indebtedness of such district incurred in building the school-house by said E. Stokes & Co.," &c.

It was held by the Court of Errors in the case of *Hardcastle* v. *State*, 3 *Dutcher* 551, that the sole warrant for an assessment made under the act of 1851, *sec.* 42, was the certificate of the trustees under oath or affirmation of the fact, and that the only written authentication of the acts of the trustees, which are essential to the legality of the meeting, or of the proceedings of the meeting itself, is the certificate furnished the assessor; that there was obvious propriety in showing upon the face of the certificate all the facts essential to the validity of the assessment.

This rule has since been repeatedly recognized and applied. *State* v. *Browning*, 4 *Dutcher* 557; *State, Cochrane, pros.*, v. *Garrabrant*, 3 *Vroom* 444; *State, Duryee, pros.*, v. *Greenleaf*, 5 *Ib.* 442; *State, Banghart, pros.*, v. *Sullivan*, 7 *Ib.* 89.

The forty-second section of the act of 1851 was substantially re-enacted in the act of 1867, section 80. *Nix. Dig.* 880.

The latter requires the clerk to set up the notices and sign the certificate, while by the former, that was the duty of the trustees. For the purposes of this case the two sections are identical.

Do the facts spread upon the face of this certificate show a compliance with the act of 1867?

This was not an annual meeting of the legal voters.

The only authority, therefore, for the convention of such meeting would have been a call of the trustees by virtue of Sub. XI of Sec. 39. *Nix. Dig.* 873.

The certificate should show that fact. It merely shows that a notice signed by the clerk was set up.

The clerk had no authority unless derived from the previous action of the trustees, and the fact and character of that action should appear in the certificate itself.

Again, I think the notice of the object of the meeting should have been more accurate.

The notice was to purchase the house erected by E. Stokes & Co. for school purposes.

The certificate shows that the meeting ordered money to be raised to pay for the house erected by E. Stokes & Co. for school purposes.

For anything that appears, the question whether a house which had been already erected by order of a previous board, or without authority at all, should be paid for, or a new house purchased, may have been a contest in the district.

A notice to purchase one and a notice to pay for another may have had to the voters each a distinct significance.

The notice should have been so distinct as to have informed the voters of the very matter to be acted upon by the meeting.

Again, the meeting had no authority to order a part of the sum to be assessed in the year 1875. *State* v. *Greenleaf,* 5 *Vroom* 444.

The assessment must be set aside.